UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VICKIE HILL,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, DEPUTY INSPECTOR
DWAYNE MONTGOMERY, tax # 873767, POLICE
OFFICER ANTHONY MCKAY, shield # 09941, POLICE
OFFICERS JOHN AND JANE DOE 1-2,

                                          Defendants.

------------------------------------------------------------------------ X

**ECF CASE**

**COMPLAINT**

08 CV 6952 (HB)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and individuals employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, on September 13, 2006, she was subjected to false arrest, excessive force, fabricated evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction

in this District.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts at issue in this lawsuit took place in this District.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of New York. Plaintiff is 64 years of age.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Deputy Inspector Dwayne Montgomery is a member of the NYPD who was involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest.  Montgomery was acting under color state law and in his capacity as a NYPD officer at all relevant times. Montgomery is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from the unlawful conduct of his fellow officers. Montgomery is sued in his individual capacity.

7. Police Officer Anthony McKay is a member of the NYPD who was involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest.  McKay was acting under color state law and in his capacity as a NYPD officer at all relevant times.  McKay is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from the unlawful conduct of his fellow officers.  McKay is sued in his individual capacity.

## STATEMENT OF FACTS

8. On September 13, 2006, at approximately 2:00 p.m., plaintiff was walking on West 123rd Street, New York, New York, with three of her friends.

9. At all relevant times, plaintiff was obeying the law and was not engaged in suspicious activity.

10. Suddenly, without warning, four police officers, three males and one female, wearing plainclothes exited an unmarked police vehicle and seized plaintiff.

11. Two of the officers involved in the seizure were Deputy Inspector Dwayne Montgomery and Police Officer Anthony McKay.

12. The officers did not have probable cause to seize plaintiff.

13. Moments after the seizure, the unidentified female officer searched plaintiff on the street.

14. No illegal contraband was found on plaintiff.

15. Although the officers did not have probable cause to believe that plaintiff had committed a crime, the four officers, acting concert, arrested plaintiff and handcuffed her in an unreasonably tight manner.

16. Plaintiff asked the officers to loosen the cuffs, but the officers refused.

17. Plaintiff was taken to the 28th Precinct.

18. While plaintiff was confined in the 28th Precinct, the four officers, pursuant to a conspiracy, prepared police reports which falsely stated that Deputy Inspector Montgomery observed plaintiff commit the crime "Criminal Sale of a Controlled Substance in the Third Degree."

19. In the evening of September 13, 2006, officers took plaintiff to Manhattan Central Booking.

20. While plaintiff was confined in Central Booking, Officer McKay, in furtherance of a conspiracy with Deputy Inspector Montgomery and the other two arresting

officers, met with an Assistant District Attorney and misrepresented to the prosecutor that Deputy Inspector Montgomery observed plaintiff commit the crime "Criminal Sale of a Controlled Substance in the Third Degree."

21. Based on the false account given by the officers, the New York County District Attorney's Office charged plaintiff with "Criminal Sale of a Controlled Substance in the Third Degree."

22. On September 14, 2006, plaintiff was arraigned in Criminal Court, New York County on a criminal court complaint.

23. The presiding judge set bail.

24. Plaintiff was unable to immediately post bail and was therefore taken to Rikers Island Correctional Facility.

25. Plaintiff posted bail approximately four days after her arraignment.

26. Plaintiff was required to appear in court several times after her arraignment.

27. On March 16, 2007, the criminal charge filed against plaintiff was dismissed upon motion of the prosecutor.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, a loss of liberty, and financial loss because she had to hire an attorney to represent her.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST DEPUTY INSPECTOR DWAYNE MONTGOMERY AND POLICE OFFICER ANTHONY MCKAY**

29. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30. The conduct of Deputy Inspector Dwayne Montgomery and Police Officer Anthony McKay, as described herein, amounted to false arrest, excessive force, fabrication of evidence, and malicious prosecution in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

## PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

31. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

32. The City of New York directly caused the constitutional violations suffered by plaintiff.

33. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations that the officers involved in the arrest of plaintiff are unfit, poorly-trained police officers. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

34. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Attorney's fees, costs and interest;

  d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: August 4, 2008
    Brooklyn, New York

          CARDINALE & MARINELLI
          26 Court Street, Suite 1815
          Brooklyn, New York 11242
          (718) 624-9391

          By:

          /s/
          _____
          RICHARD J. CARDINALE