

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | David M. Pollack<br>*Assistant Corporation Counsel*<br>*Special Federal Litigation Division*<br>Tel.: (212) 788-1894<br>Fax: (212) 788-9776 |

August 22, 2008

By Facsimile Transmission
(212)805-7901
Honorable Harold Baer, Jr.
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/08
```

        Re: <u>Vickie Hill v. City of New York, et al.</u>, 08 CV 6952 (HB)

Dear Judge Baer:

        I am the Assistant Corporation Counsel handling the defense of this action on behalf of Defendant City of New York. I am writing to respectfully request a sixty-day enlargement of time from August 25, 2008 to October 24, 2008, within which this office may answer or otherwise respond to the complaint. Richard Cardinale, Esq., counsel for plaintiff, has consented to the requested extension. This is the City's first request for an enlargement of time in this action.

        The complaint alleges, *inter alia*, that plaintiff was subjected to false arrest/imprisonment and malicious prosecution. In addition to the City of New York, plaintiff purports to name New York City Deputy Inspector Dwayne Montgomery and Police Officer Anthony McKay, as well as unknown employees of the New York City Police Department. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter and file an informed responsive pleading.

        Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served.[1] If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. Only after this procedure has been followed can we determine how to proceed in this case. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed

---

[1] Although this Office does not currently represent Deputy Inspector Montgomery and Office McKay as it does not appear from the docket in this case that they have been served to date, assuming proper service is made this Office also respectfully requests this extension on their behalf in order that their defenses are not jeopardized while representational issues are being decided.

pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

In view of the foregoing, it is respectfully requested that the Court grant the within request extending Defendants' time to answer or otherwise respond to the complaint until October 24, 2008. We thank the Court for consideration of this request.

Respectfully submitted,

David M. Pollack (DMP 3873)
Assistant Corporation Counsel

cc: By Facsimile Transmission
(718) 624-4748
Richard Cardinale, Esq.
26 Court Street, Suite 1815
Brooklyn, New York 11242

Oct 24 to answer
or move

SO ORDERED:

Harold Baer, Jr., U.S.D.J.
Date: 8/21/08